1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM F.B. VEAVER,                      No.  2:20-cv-02554-CKD P

12              Plaintiff,

13         v.                                   ORDER

14    KOREY HONEA, et al.,

15              Defendants.

16

17         Plaintiff is a county inmate proceeding pro se in this civil rights action filed pursuant to 42

18    U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).

20         Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1    **I.      Screening Requirement**

2         The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13   Cir. 1989); Franklin, 745 F.2d at 1227.

14        In order to avoid dismissal for failure to state a claim a complaint must contain more than

15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

19   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

22   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

23   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

24   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974).

26   ////

27   ////

28   ////

2

1        **II.      Allegations in the Complaint**

2            Plaintiff is an inmate at the Butte County Jail, although it is not clear whether he is a

3    pretrial detainee or a convicted defendant serving his sentence.[1]  On April 9, 2019, plaintiff

4    required surgery at Oroville Hospital that was later described to him as "botched" or

5    "incompetently performed."  ECF No. 1 at 7.  Upon plaintiff's release from custody on July 17,

6    2019, he was referred to the U.C. Davis Medical Center for additional treatment to correct the

7    problems associated with the original surgery.  On November 2, 2020, plaintiff returned to

8    custody at the Butte County Jail and made numerous requests to have the necessary treatment to

9    correct the botched surgery.  These requests were denied by custody staff as well as staff of the

10   Wellpath California Forensic Medical Group that is responsible for providing medical care to

11   inmates at the Butte County Jail.  By way of relief, plaintiff seeks compensatory and punitive

12   damages as well as injunctive relief in the form of corrective medical treatment and

13   compassionate release from custody.

14           Plaintiff also alleges that Butte County Jail staff failed to provide weekly face mask

15   exchanges, hand sanitizer, and cleaning products to disinfect the housing unit to protect inmates

16   from the spread of COVID-19.  Separate inmate grievance forms attached to the complaint also

17   raise issues related to plaintiff's use of the phones and mail system at the Butte County Jail.  It is

18   not clear to the court what claim(s) plaintiff is attempting to raise by attaching these documents

19   because there is no logical sequence to their order and they do not reference any of the named

20   defendants in this action.

21           Plaintiff names six defendants in the present action including Korey Honea, the Butte

22   County Sheriff; D. Hovey, Captain of the Jail Division; Brian Meyer, a Lieutenant in the Jail

23   Division; J. Agurkis, a Lieutenant in the Jail Division; Andrea Thompson, R.N.; and, Tara Foster,

24   Wellpath Program Manager at the Butte County Jail.  As described in the complaint, "Wellpath

25   Administrator Andrea Thompson and the Wellpath Program Manager Tara Foster supervise

26   Physician's Assistant Ryan Ramonc, who is directly responsible for the competent treatment of

27

28   _____

[1] The court will provide plaintiff with the relevant legal standards for each situation.

3

1  Butte County Jail inmates."  ECF No. 1 at 6.

2       After filing the original complaint, plaintiff filed numerous "notices" that contain

3  additional facts related to those in his complaint.  See ECF Nos. 3, 5, 12-16.  The court did not

4  consider any of these "notices" in relation to the allegations in the complaint pursuant to Local

5  Rule 220 which requires that a supplemental pleading be complete in itself without reference to

6  any prior pleading.

7       **III.    Legal Standards**

8       **A.  Linkage Requirement**

9       The civil rights statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

13  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

14  in another's affirmative acts or omits to perform an act which he is legally required to do that

15  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

16  Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

17  link each named defendant with some affirmative act or omission that demonstrates a violation of

18  plaintiff's federal rights.

19       **B.  Supervisory Liability**

20       Government officials may not be held liable for the unconstitutional conduct of their

21  subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

22  ("In a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability,

23  each Government official, his or her title notwithstanding is only liable for his or her own

24  misconduct.").  When the named defendant holds a supervisory position, the causal link between

25  the defendant and the claimed constitutional violation must be specifically alleged; that is, a

26  plaintiff must allege some facts indicating that the defendant either personally participated in or

27  directed the alleged deprivation of constitutional rights or knew of the violations and failed to act

28  to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

1    1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

2        **C.  Joinder of Claims and Defendants**

3        A plaintiff may properly assert multiple claims against a single defendant in a civil action.

4    Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where

5    "any right to relief is asserted against them jointly, severally, or in the alternative with respect to

6    or arising out of the same transaction, occurrence, or series of transactions and occurrences" and

7    "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.

8    20(a)(2).  However, unrelated claims against different defendants must be pursued in separate

9    lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only

10   to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to

11   ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3

12   the number of frivolous suits or appeals that any prisoner may file without prepayment of the

13   required fees. 28 U.S.C. § 1915(g)."  Id.

14       **D.  Grievances Are Not Separately Actionable**

15       The existence of a prison grievance procedure establishes a procedural right only and

16   "does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495

17   (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

18   (no liberty interest in processing of appeals because no entitlement to a specific grievance

19   procedure).  This means that a prison official's action in reviewing an inmate grievance cannot

20   serve as a basis for liability under Section 1983.  Buckley, 997 F.2d at 495.  "Only persons who

21   cause or participate in the violations are responsible.  Ruling against a prisoner on an

22   administrative complaint does not cause or contribute to the violation.  A guard who stands and

23   watches while another guard beats a prisoner violates the Constitution; a guard who rejects an

24   administrative complaint about a completed act of misconduct does not."  George v. Smith, 507

25   F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

26       **E.  Conditions of Confinement**

27       Conditions of confinement claims raised by pretrial detainees are analyzed under the

28   Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment.  Bell v.

5

1   Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

2   Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from

3   Eighth Amendment standards.  Frost, 152 F.3d at 1128.  "Jail officials have a duty to ensure that

4   detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal

5   safety."  Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018).  To prevail on a substantive due

6   process claim, plaintiff must establish that the restrictions imposed by his confinement constituted

7   punishment as opposed to being incident to legitimate governmental purposes.  Bell, 441 U.S. at

8   538.  If a particular jail condition is reasonably related to a legitimate government objective, it

9   does not amount to punishment absent a showing of an express intent to punish.  Id. at 538–39.

10         If plaintiff was a convicted prisoner during the timeframe of the allegations in the

11  complaint, then the Eighth Amendment applies to any claim involving the conditions of his

12  confinement.  In order for a prison official to be held liable for alleged unconstitutional conditions

13  of confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744

14  F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The first prong is an objective

15  prong, which requires that the deprivation be "sufficiently serious."  Lemire v. Cal. Dep't of Corr.

16  & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be

17  sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal

18  civilized measure of life's necessities."  Lemire, 726 F.3d at 1074.  The objective prong is not

19  satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing,

20  sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

21  2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "[R]outine discomfort

22  inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson v.

23  Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a

24  violation, but only if such deprivations are lengthy or ongoing").  Rather, extreme deprivations

25  are required to make out a conditions of confinement claim, and only those deprivations denying

26  the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

27  Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9

28  (1992).  The circumstances, nature, and duration of the deprivations are critical in determining

1   whether the conditions complained of are grave enough to form the basis of a viable Eighth

2   Amendment claim.  Johnson v. Lewis, 217 F.3d at 731.

3         The second prong focuses on the subjective intent of the prison official.  Peralta, 774 F.3d

4   at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The deliberate indifference standard

5   requires a showing that the prison official acted or failed to act despite the prison official's

6   knowledge of a substantial risk of serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at

7   842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991).  Mere

8   negligence on the part of the prison official is not sufficient to establish liability.  Farmer, 511

9   U.S. at 835.

10        **F.  Deliberate Indifference to a Serious Medical Need[2]**

11        Denial or delay of medical care for a prisoner's serious medical needs may constitute a

12   violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

13   97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

14   deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

15   1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

16   Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

17        In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

18   F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

19   grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

20   plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

21   condition could result in further significant injury or the 'unnecessary and wanton infliction of

22   pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

23

24   [2] Because the Eighth Amendment applies only to persons who have been sentenced following a
     criminal conviction, Bell v. Wolfish, 441 U.S. 520, 528 (1979), plaintiff cannot proceed under the
25   Eighth Amendment if his claims concern pre-conviction events.  However, pretrial detainees
     receive protection from onerous conditions of confinement under the Fourteenth Amendment and
26   the standards for protection for prisoners under the Eighth Amendment and pretrial detainees
     under the Fourteenth Amendment are generally the same.  Frost v. Agnos, 152 F.3d 1124, 1128
27   (9th Cir.1998). To the extent the court identifies Eighth Amendment principles below, those
28   principles are equally applicable to Fourteenth Amendment claims.

1   existence of an injury that a reasonable doctor or patient would find important and worthy of

2   comment or treatment; the presence of a medical condition that significantly affects an

3   individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

4   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

5          Second, the plaintiff must show the defendant's response to the need was deliberately

6   indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

7   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

8   indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

9   which the inference could be drawn that a substantial risk of serious harm exists," but that person

10  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

11  approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

12  showing of merely negligent medical care is not enough to establish a constitutional violation.

13  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

14  difference of opinion about the proper course of treatment is not deliberate indifference, nor does

15  a dispute between a prisoner and prison officials over the necessity for or extent of medical

16  treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

17  (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

18  medical treatment, "without more, is insufficient to state a claim of deliberate medical

19  indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

20  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

21  prisoner must show that the delay caused "significant harm and that Defendants should have

22  known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

23          **G. First Amendment Claims**

24          Under the First Amendment, prisoners have a right to send and receive mail.  Witherow v.

25  Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, a prison may adopt regulations or

26  practices for inmate mail which limit a prisoner's First Amendment rights as long as the

27  regulations are "reasonably related to legitimate penological interests."  Turner v. Safley, 482

28  U.S. 78, 89, (1987).  "When a prison regulation affects outgoing mail as opposed to incoming

8

1  mail, there must be a 'closer fit between the regulation and the purpose it serves.'" <u>Witherow</u>, 52

2  F.3d at 265 (quoting <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 412 (1989)).  Courts have also

3  afforded greater protection to legal mail than non-legal mail.  <u>See</u> <u>Thornburgh</u>, 490 U.S. at 413.

4  Isolated incidents of mail interference or tampering will not support a claim under section 1983

5  for violation of plaintiff's constitutional rights.  <u>See</u> <u>Davis v. Goord</u>, 320 F.3d 346, 351 (2d. Cir.

6  2003); <u>Gardner v. Howard</u>, 109 F.3d 427, 431 (8th Cir. 1997); <u>Smith v. Maschner</u>, 899 F.2d 940,

7  944 (10th Cir. 1990); <u>see</u> <u>also</u> <u>Crofton v. Roe</u>, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing

8  that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First

9  Amendment rights).  Generally, such isolated incidents must be accompanied by evidence of an

10  improper motive on the part of prison officials or result in interference with an inmate's right of

11  access to the courts or counsel in order to rise to the level of a constitutional violation.  <u>See</u> <u>Smith</u>,

12  899 F.2d at 944.

13       A prison's interference with legal mail may also violate an inmate's right of access to the

14  courts which is protected by the First Amendment's right to petition the government and the due

15  process clause of the Fourteenth Amendment.  <u>See</u> <u>Snyder v. Nolen</u>, 380 F.3d 279, 290-291 (7th

16  Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the

17  courts).  Prison officials may not actively interfere with an inmate's right to litigate.  <u>Silva v.</u>

18  <u>Vittorio</u>, 658 F.3d 1090, 1103 (9th Cir. 2011), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Richey v. Dahne</u>,

19  807 F.3d 1202, 1209 n. 6 (9th Cir. 2015).  In order to state a claim for the denial of access to the

20  courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to

21  contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-

22  frivolous claim.  <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996).

23       **IV.    Analysis**

24       The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

25  which relief can be granted under federal law.  Plaintiff has failed to allege any claim for relief

26  against defendants Honea or Hovey in their supervisory capacity.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d

27  858, 862 (9th Cir. 1979).  To the extent that plaintiff alleges that defendants Meyer and Agurkis

28  denied his administrative grievances concerning his medical treatment, he does not state a claim

9

1    for relief since a prison official's action in reviewing an inmate grievance cannot serve as a basis

2    for liability under Section 1983.  Buckley, 997 F.2d at 495.  Nor does he allege any cognizable

3    claim for relief against defendants Thompson and Foster in their capacity as medical supervisors.

4    See Fayle, 607 F.2d at 862.  For all these reasons, plaintiff's complaint must be dismissed.  The

5    court will, however, grant leave to file an amended complaint.

6           Due to the length of plaintiff's original complaint which included numerous extraneous

7    exhibits as well as the notices that plaintiff filed after his complaint, **any amended complaint**

8    **shall be limited to no more than 25 pages.  Plaintiff is cautioned against attaching irrelevant**

9    **information to any amended complaint including his ancestry information or personal**

10   **correspondence to third parties.**  If plaintiff files an amended complaint, he should clearly

11   identify each defendant and include a short statement regarding what each defendant did which

12   allegedly violated his constitutional rights.

13          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

15   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

16   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

17   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

18   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

19   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

20   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

22   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

23   complaint be complete in itself without reference to any prior pleading.  This is because, as a

24   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

25   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

26   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

27   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

28   /////

## V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim for relief against the defendants.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.  If you choose to do so, you may file an amended complaint within 30 days from the date of this order.  The amended complaint is limited to 25 pages.  If you choose to file an amended complaint, do not file any supplemental pleadings to it.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 11) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Butte County filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  The amended complaint is limited to 25 pages in length.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  The Clerk of Court is directed to send plaintiff a copy of the civil rights complaint form used in this district.

Dated:  February 2, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/veav2554.14.docx

11